Judge'BucicNER,
delivered the opinion of the court.
Wait having recovered a judgment at law, against Wilson Evans, caused several executions of fieri facias to be issued thereon, directed to the sheriff of Pulaski county, where Evans resided; the. last of which was returned; by a deputy of thé sheriff of that county, on the 15th of February, 1828, that he hud made a portion of said execution, which is mentioned in the return, and that there was “no other property found, whereby the residue of the debt can be made, or any part thereof.”
Wait thereupon filed this bill, in February, 1828, in the Pulaski circuit court, to subject to the payment of the residue of his judgment, the amount of a replevin bond, executed by Joseph Love and John Evans, his surety, for $96 13 cents, with interest thereon, from the 16th of June, 1825, till paid, in paper of the bank of the commonwealth of Kentucky, to G. Elliott and transferred by him to Wilson Evans and which was then, as alleged, in a train of collection, an execution issued thereon, being then in the hands of Jasper, the deputy sheriff; and to subject also to the same demand, a debt due to the said Wilson Evans, on a judgment of the Rockcastle circuit court, by John Hughes, which had been replevied, amounting to the sum of ‡60, in specie.
Wilson Evans, Jblin Evans, Love, Elliott, Jasper, Hughes and James Terrell, his surety; were made defendants; upon each of whom, except Terrell, process was served in the county where the sdit was pending, frevious to the April term of the circuit court, in theyear 828. A subpoena against Terrell was issued on the. *111 1st of April, 1828, directed to the sheriff of Rockeastie, requiring him to appear at the term next thereafter, which commenced on the third Monday in that month, and was returned on the 18th of 1829, served on Terrell, 30th of June, 1828.
At the October term, 1828, none of the defendants having answered, the circuit court proceeded to hear the cause, as to all of them, except Hughes and Terrell; and as to them, it was continued. The bill was taken as confessed; and the court entered an interlocutory decree, in which it is declared, that Wait was entitled, in part satisfaction of his judgment to a decree for the amount due, from Love and J ohn Evans, as charged in the bill, when reduced to its value in specie at that time. A jury was therefore ordered to be cmpannelled to assess the value, who returned a yerdict in the following words: “we of the jury find the commonwealth’s paper debt in the decree mentioned, as due from the defendants, Joseph Love and John Eyans,is of the value of 103 75 cents, in specie.” A final decree was then pronounced, that all the right, fithi and interest of Elliqtt and Wilson Evans, to the replevin bond and execution thereupon, which was in ihe hands of the sheriff, be transferred to, and vested in Wait; that the defendant Jasper, pay to Wait, any of the' money which he might have collected on said execution; and that Wait might sue out, in the name of Elliott, execution against Love and John Evans, on the replevin bond, and receive the amount, &c. and that Wilson Evans should pay the costs of the suit.
No notice is taken, in the decree, of Hughes and Terrell ; but as to them, the cause was continued, until the term next thereafter; at which time, John Evans produced his answer to the bill sworn to in court; and moved, that the decree be opened, and that he might be perpnilted to file his answer. The motion was overruled, to which he excepted, and in the bill of exceptions, the answer is incorporated. The substance of it \s, that when execution first issued on the replevin bond against Love and himself;the sheriff towhomithad been delivered, levied it on property of Love, who was then very able to pay the amount, and that Wilson Evans, to. whom it had been assigned released the property, under an arrangement, between him and Love, to which, he, J. Evans did not consent. That he had, before the clet *112 cree was rendered in this case, applied to his lawyer to prepare and file his answer, but was advised by him, that Wait’s bill did not call on him to answer, as to liability on the replevy-bond; and that his remedy would be, to fife a bill himself, praying for relief;- and therefore, had declined to offer it.
Return of “no other property found theeiesidue of the debt can ny part thereof,” by a dep wty sheriff, the filing °of a Bill to subject debtor’s choto the^payment of the debt.
To reverse the decree, John Evans and Love-prose? cute this writ of error; and assign as errors.
1st. That the circuit court improperly entertained jurisdiction of the case, and improperly granted thereon, the relief sought, against the said Evans and Love, the return of the sheriff, upon the execution of Wait against Wilson Evans being insufficient, to authorize the decree.
2d. That it was erroneous to try the cause and render a decree at the October term, 1828; because the defendant Terrell was not before the court, the process not having been then returned against him.
3d. That it was erroneous to overrule the motion of , John Evans, made at the April term, 1829, to open the decree of the preceding term, and permit him to ‘’file his answer to the bill.
4th. That the decree is far a larger sum against Love, and John Evans, than that, for which they were indebted to Wilson Evans, according to complainant’s own showing; $>96 13 cents, with interest, from the 16th of June, 1825, till paid, in commonwealth’s bank paper, being the alleged amount of their debt to him; and they having been decreed to pay to Wait, the sum of $103 75 cents in specie, 1 J
We shall notice the points, in the order they have been presented.
There is certainly no weight in the objection to the jurisdiction of the court, on account of the supposed insufficiency of. the return made by the officer, upon the execution of Wait against Wilson Evans. The act °f 1821, in virtue of which, this proceeding was had, requires the execution to be returned “by the proper officer” in substance, that the defendant hath no ef^ec<-s *n bailiwick to satisfy the same. Surely it cannot he doubted, that a deputy sheriff is a proper officer to make such a return.
‘ in returneTby a deputy sheriftj <loos not traíj¿feñdtnt \b° not found in. the county.
When the re-ton-of a decontains no expression which res’rictsit to a “orc limited trinb^con^ siderod as applying to the whole •county. it" will ndfho P^-^med that rifffis“te1leputy of a bailiwic!c on)y-
when thereativesituation of de[uchathatS complainant might or might not, at his election, have made J^e'causc*168’ may be hoard as to some of tlH! defendants, before it j.“Pj'eParecl to theathers1.5 where the sointiiirctéd, that either could object t°-a the others were not parties, a decree as to some-of the defend¿"hearin*10 of ' the ca'ufe as to the others, is error.
*113 In the case of Greenup’s representatives vs Bacon’s ■•'executors, I Mon. 108, it was decided, that “not found, in my bailiwick returned by a deputy sheriff does not import that the defendant is not found in the bacausc, “bailiwick,” as was decided in the case of Gully vs Sanders, .1 ittefl’s select cases, 424, does not •necessarily include-the county; but strictly means that .part which is, or may be assigned to the deputy. But in this case, the word bailiwick, upon which the case re■ferred to turned, is not used.
The return is general, and must, therefore, be -considered as applying to the whole county, as there is no expression used-, or proof in the cause, which would restrict H to a more limited boundary. We will not presume, that he was the deputy in á bailiwick only, unless something -appears, from which it must be in■ferred ~
The second groünd assumed as error, cannot be suslained. Cases frequently occur, in which the court -may decree, as to’one defendant, and retain the cause as to others; McCoun vs. Delany, &c. II Bibb, 411: see also, Cox’s heirs vs. Strode, Ibid, 273, where the doctrine is thus laid down. “Where the relative siteation of defendants is such, that the complainant might or might not at his election, have made them parties, we can see no impropriety, in bringing the cause to hearing, as to some, before it may he prepared forbearing, as to the others. But where the interest of defendants are so intimately connected, that either •could object to a bill, because the others were not mude parties, it would seem necessarily to follow, that a decree, as to some, without having the cause heard, as to the others, would be erroneous.”
, ,. , Hughes and lerrell were not necessary parties, to authorize the decree in this case, nor could the plaintiffs in error .have supported an objection to the bill, if they had been entirely omitted. They stand altogefher disconnected in interest, from the other defendanto
The motion-made by John Evans to open the decree of the preceding term and to permit him to file an an-Ills answer exhibits a swer, was properly overruled, substantial rí/ne; hut the decree entered, at tl*e prececding term ground of equity, had he relied upon it in *114 was final, and the defendant in error is not answerable for the negligence of his adversary, or the erroneous advice of Ins lawyer.
Cunningham, for plaintiff; Triplett, for defendants.
It would be the adoption of a most inconvenient and dangerous. principle to determine, that an opinion advanced by the lawyer to his- client, influencing him to pursue a course, which proved not to be the most indicious, would authorize the circuit court at a subsequent term, to open the decree and g-rant a re-hearing Upon motion. 1
As to the fourth and last ground relied upon as error’ an examination of the final decree will show, that R was assigned through a mistake oil the part of the lawyer who-assigned the errors as to the nature of the flnaI decree, most probably, from the expressions used in th'e interlocutory decree.
Whether the interlocutory be correct or not, is unimportant, if the final decree is not erroneous.
The decree of the circuit court must'be affirmed; but as the case lias been heard upon default, on the part of tWe defendant in error in this-court, there must ■be no judgment for costs.